UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BUDDY BULLOCK,  
    Petitioner,

vs.

PHILLIP KERNS, WARDEN,  
    Respondent

Civil Action No. 1:10-cv-129

Bertelsman, J.  
Wehrman, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody, filed a *pro se* petition for a writ of habeas corpus challenging his incarceration based on his 2004 convictions for illegal manufacture of drugs in violation of Ohio Rev. Code § 2925.04(A) and aggravated possession of drugs in violation of Ohio Rev. Code § 2925.11(A). (Doc. 1). The instant petition alleges a claim of prosecutorial misconduct in violation of petitioner's constitutional rights. *Id.* This matter is before the Court on respondent's motion to transfer second petition to Sixth Circuit Court of Appeals (Doc. 5), and on petitioner's "objections to the Magistrate's Report and Recommendation" (Doc. 7)[1], motion for leave to proceed *in forma pauperis* (Doc. 9), "motion for a new trial pursuant to Ohio Rules of Criminal Procedure of Criminal Rule 33(A)(6) or 33(A)(2)" (Doc. 10), and "original action in mandamus." (Doc. 11).

This is not the first federal habeas corpus petition filed by petitioner with this Court challenging his 2004 conviction. Petitioner's first habeas corpus petition was filed on May 18, 2007 and asserted four grounds for relief. *See Bullock v. Jackson,* Case No. 1:07-cv-392 (S.D. Ohio). The claims raised in petitioner's first petition were denied as procedurally defaulted and

---

[1] The Court notes that there is no Report and Recommendation pending in the instant case. As best the Court can discern, it appears that petitioner seeks to file a second objection to the Report and Recommendation of the Magistrate Judge in Case No. 1:07-cv-392, a case involving his first habeas corpus petition.

without merit on November 17, 2008. (Doc. 5, Exhs. 2, 3; *see also Bullock v. Jackson,* Case No. 1:07-cv-392 (S.D. Ohio Nov. 17, 2008) (Dlott, J.; Hogan, M.J.)(Docs. 14, 19)). Petitioner did not appeal the denial of his habeas petition to the Sixth Circuit Court of Appeals.

Respondent contends that the instant petition should be transferred to the United States Court of Appeals for the Sixth Circuit on the ground that it constitutes a "second petition" over which the district court lacks jurisdiction to consider under 28 U.S.C. § 2244(b)(3)(A). (Doc. 5). For the reasons that follow, the undersigned agrees.

Pursuant to 28 U.S.C. § 2244(b)(1), the Court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the Court must dismiss a claim presented in a second or successive petition, which petitioner did not include in a prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before a district court may consider a successive petition, petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a second or successive petition only if petitioner makes the *prima facie* showing described above. *Id. See In re McDonald*, 514 F.3d 539, 544 (6th Cir. 2008).

In this case, petitioner seeks to bring a new claim of prosecutorial misconduct, a claim not raised in his first petition before this Court. Petitioner is attacking the same conviction and sentence challenged in his prior petition. (*See* Doc. 1). The Court's decision denying the prior petition based on procedural default and as without merit constitutes an adjudication on the merits. *See In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000) (dismissal of petition based on procedural default of claims in state court is considered "on the merits"). In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent habeas application. Therefore, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

When a prisoner has filed a second or successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2d Cir. 1996)). Accordingly, it is hereby recommended that respondent's motion to transfer the petition to the Sixth Circuit (Doc. 5) be **GRANTED**.

It is further recommended that petitioner's "objections to the Magistrate's Report and Recommendation" (Doc. 7), motion for leave to proceed in forma pauperis (Doc. 9), "motion for a new trial pursuant to Ohio Rules of Criminal Procedure of Criminal Rule 33(A)(6) or 33(A)(2)" (Doc. 10), and "original action in mandamus" (Doc. 11) be **DENIED** as moot.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to transfer second petition to Sixth Circuit Court of Appeals (Doc. 5) be **GRANTED**, and the petition for a writ of habeas corpus (Doc. 1) be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review the petition in accordance with 28 U.S.C. § 2244(b).

3.  Petitioner's "objections to the Magistrate's Report and Recommendation" (Doc. 7), motion for leave to proceed in forma pauperis (Doc. 9), "motion for a new trial pursuant to Ohio Rules of Criminal Procedure of Criminal Rule 33(A)(6) or 33(A)(2)" (Doc. 10), and "original action in mandamus" (Doc. 11) be **DENIED** as moot.


Date:   June 15, 2010                        s/ J. Gregory Wehrman
                                             J. Gregory Wehrman
                                             United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BUDDY BULLOCK,  
    Petitioner,

vs.

PHILLIP KERNS, WARDEN,  
    Respondent

Civil Action No. 1:10-cv-129

Bertelsman, J.  
Wehrman, M.J.

## NOTICE

Attached hereto is a Report and Recommendation in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation within **FOURTEEN (14) DAYS** of the filing date of this R&R.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within **FOURTEEN (14) DAYS** after the opposing party has been served with the objections.  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).